IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL ERIC COBBLE, GDC # 758572, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>GEORGIA DISTRICT COURT and )<br>11th CIRCUIT COURT OF APPEAL, )<br>)<br>Respondents. ) | CIVIL ACTION NO.<br>2:19-CV-804-WHA<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Daniel Eric Cobble ("Cobble"), an inmate incarcerated in the Sumter County Jail in Americus, Georgia, filed this *pro se* petition for habeas corpus relief under 28 U.S.C. § 2241.  Doc. # 1.  While the court finds most of Cobble's petition to be rambling and unintelligible, Cobble appears to challenge the constitutionality of his current incarceration on a sentence imposed by the State of Georgia in 2011 for aggravated stalking.  *See* Doc. # 1 at 1 ("I already maxed out [the sentence on the] Cobb [County] case for aggravated stalking 5 year sentence in 2011.").  The proper vehicle for Cobble to challenge the constitutionality of his confinement under a Georgia state court judgment is a petition for writ of habeas corpus under 28 U.S.C. § 2254.  *See Felker v. Turpin*, 518 U.S. 651, 662 (1996).  Federal law allows this court to construe Cobble's petition as a 28 U.S.C. § 2254 habeas petition.  *See United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990).  Based on the claims presented by Cobble, the court finds his petition should be construed

as one seeking habeas relief under § 2254.  And upon consideration of the § 2254 petition, the court concludes that it should be dismissed for lack of jurisdiction.

## II.  DISCUSSION

Title 28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d).  By this statute, a petition for writ of habeas corpus under § 2254 must be filed either in the federal district court for the district of the state court of conviction or the federal district court in the district of incarceration in that state.

Cobble is incarcerated in the Sumter County Jail in Americus, Georgia, a facility not within the jurisdiction of this court.  Instead, the jail is located within the jurisdiction of the United States District Court for the Middle District of Georgia.  The Georgia sentence that Cobble challenges in his petition was entered by a state court in Cobb County, Georgia.  Cobb County is located within the jurisdiction of the United States District Court for the Northern District of Georgia.  Plainly, this court, which sits in the Middle District of Alabama, lacks jurisdiction over Cobble's § 2254 habeas petition.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed.  However, the undersigned finds that

the interest of justice does not warrant transfer of this case to a federal district court in the Middle or Northern District of Georgia.[1]  Instead, the petition should be dismissed for lack of jurisdiction.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED for lack of jurisdiction.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before November 19, 2019.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v.*

---

[1] The court takes judicial notice of federal court records, *see Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009), and concludes that  transfer of this action is not in the "interest of justice" given Cobble's well-documented "practice of frivolous, vexatious, and duplicative litigation" in the federal courts of Georgia.  *See Cobble v. Neeley,* Civil Action No. 1:19-CV-12-LAG-TQL (M. D. Ga. 2019) (Doc. # 5) (sanctioning Cobble from filing civil actions for two years "[i]n light of [his] history of frivolous and vexatious filings [including habeas petitions] and to curb further abuses.").

*Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 5th day of November, 2019.

 /s/  Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE